1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GABRIEL ESPINOZA,

11          Plaintiff,                    No. 2: 11-cv-3358 KJN P

12       vs.

13   M.D. McDONALD,

14          Defendant.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983 and has paid the filing fee.

18          The court may screen the complaint notwithstanding the payment of the filing fee.

19   28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or portion thereof if the prisoner has

20   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

21   may be granted, or that seek monetary relief from a defendant who is immune from such relief.

22   Id.

23          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

25   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

26   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1

1    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

4    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

5    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

6    1227.

7            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

8    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

9    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

10   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

11   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

12   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

13   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

14   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

15   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

16   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

17   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

18   as true the allegations of the complaint in question,  id., and construe the pleading in the light

19   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20           The only named defendant is Warden McDonald.  Plaintiff alleges that he was

21   wrongfully classified with an "R" suffix.  According to plaintiff, the "R" suffix classification is

22   given to inmates who are sex offenders.  Plaintiff alleges that he has no sex offenses.  Plaintiff

23   alleges that he has been assaulted by other inmates who learned that he had an "R" suffix.

24   Plaintiff seeks removal of the "R" suffix from his classification and money damages.

25           The complaint contains no specific allegations against defendant McDonald.  In

26   other words, plaintiff does not allege how defendant McDonald was involved in the decision to

2

1  impose the "R" suffix on plaintiff's classification.

2          The Civil Rights Act under which this action was filed provides as follows:

3          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
4          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
5          law, suit in equity, or other proper proceeding for redress.

6  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11  omits to perform an act which he is legally required to do that causes the deprivation of which

12  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13          Moreover, supervisory personnel are generally not liable under § 1983 for the

14  actions of their employees under a theory of respondeat superior and, therefore, when a named

15  defendant holds a supervisorial position, the causal link between him and the claimed

16  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

17  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

18  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

19  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

20  Cir. 1982).

21          Because plaintiff has failed to link defendant McDonald to the alleged

22  deprivation, his claim against this defendant is dismissed with leave to amend.

23          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

24  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

25  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

26  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

1   unless there is some affirmative link or connection between a defendant's actions and the

2   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

3   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

4   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

5   268 (9th Cir. 1982).

6          In addition, plaintiff is hereby informed that the court cannot refer to a prior

7   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

8   an amended complaint be complete in itself without reference to any prior pleading.  This

9   requirement exists because, as a general rule, an amended complaint supersedes the original

10  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

11  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

12  amended complaint, as in an original complaint, each claim and the involvement of each

13  defendant must be sufficiently alleged.

14         Plaintiff has requested the appointment of counsel.  The United States Supreme

15  Court has ruled that district courts lack authority to require counsel to represent indigent

16  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

17  certain exceptional circumstances, the court may request the voluntary assistance of counsel

18  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

19  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

20  does not find the required exceptional circumstances.  Therefore, plaintiff's request for the

21  appointment of counsel is denied.

22         In accordance with the above, IT IS HEREBY ORDERED that:

23         1.  Plaintiff's complaint is dismissed.

24         2.  Within thirty days from the date of this order, plaintiff shall complete the

25  attached Notice of Amendment and submit the following documents to the court:

26             a.  The completed Notice of Amendment; and

4

1         b.  An original and one copy of the Amended Complaint.

2   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

3   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

4   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5   Failure to file an amended complaint in accordance with this order may result in the dismissal of

6   this action.

7         3.  Plaintiff's motion for appointment of counsel (Dkt. No. 2) is denied.

8   DATED:  January 4, 2012

9

10   _____
    KENDALL J. NEWMAN

11   UNITED STATES MAGISTRATE JUDGE

12   es3358.14

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GABRIEL ESPINOZA,

11           Plaintiff,                        No. 2: 11-cv-3358 KJN P

12       vs.

13   M.D. McDONALD,                            NOTICE OF AMENDMENT

14           Defendant.

15   _____/

16           Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18           _____        Amended Complaint

19   DATED:

20

21

22

23                                          _____

24                                          Plaintiff

25

26