IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL ESPINOZA,

      Plaintiff,                        No. 2: 11-cv-3358 KJN P

   vs.

M.D. McDONALD, et al.,

      Defendants.                ORDER

                                /

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action filed pursuant to 42 U.S.C. § 1983. On June 4, 2012, defendant filed a motion to dismiss on grounds that plaintiff to exhaust his administrative remedies. On July 2, 2012, plaintiff filed an opposition. On July 6, 2012, defendant filed a reply. On July 23, 2012, plaintiff filed exhibits in support of his opposition.

        Pursuant to the Ninth Circuit's recent decision in Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012 ), it is necessary to provide contemporaneous notice to plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies. This notice is provided herein.

        When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for

1

1  which you did not exhaust available administrative remedies.  The defendant may submit
2  affidavits or declarations under penalty of perjury and admissible documents in support of the
3  motion.
4        To oppose the motion, you may submit proof of specific facts regarding the
5  exhaustion of administrative remedies. To do this, you may refer to specific statements made in
6  your complaint if you signed your complaint under penalty of perjury and if your complaint
7  shows that you have personal knowledge of the matters stated.  You may also submit declarations
8  setting forth facts regarding exhaustion of your claims, as long as the person who signs the
9  declaration has personal knowledge of the facts stated.  You may also submit all or part of
10 deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.
11 If you fail to contradict the defendant's evidence with your own evidence, the court may accept
12 the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion,
13 the court may consider your failure to act as a waiver of your opposition.  <u>See</u> L.R. 230(l).
14        If the court grants the defendant's motion, whether opposed or unopposed, your
15 unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will
16 be over.  If, however, you exhaust administrative remedies for your claims at a later date, you
17 may raise those claims in a new action.
18        Accordingly, IT IS HEREBY ORDERED that:
19        1. Within twenty-one days after the service date of this order, plaintiff may file an
20 opposition to defendant's motion to dismiss by filing and serving:  (a) a new comprehensive
21 opposition to the motion, including all pertinent exhibits; (b) a supplemental opposition, and any
22 new exhibits; OR (c) a statement that plaintiff chooses to rely on his previously-filed opposition
23 and exhibits.
24 ////
25 ////
26 ////

      2. Within seven days after the date of service of the opposition, defendant may file and serve:  (a)  a new comprehensive reply to plaintiff's opposition; (b) a supplemental reply; or (c) a statement that defendant chooses to rely on his previously-filed reply.

DATED:  July 25, 2012

                                      _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

esp3358.rand