IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL ESPINOZA,

    Plaintiff,                   No. 2: 11-cv-3358 KJN P

    vs.

M.D. McDONALD, et al.,         ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

Introduction

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant McDonald's motion to dismiss for failure to exhaust administrative remedies filed June 4, 2012. (Dkt. No. 17.) On July 2, 2012, plaintiff filed an opposition. (Dkt. No. 18.) On July 6, 2012, defendant filed a reply. (Dkt. No. 19.)

        On July 26, 2012, pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), the court issued an order giving plaintiff notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies. (Dkt. No. 22.) In this order, the court granted plaintiff twenty-one days to file a new opposition, a supplemental opposition, or a statement that he relied on his previously filed opposition. (Id.) Twenty-one days passed and plaintiff did not

1

respond to the July 26, 2012 order.

After carefully reviewing the record, the undersigned recommends that defendant's motion be granted.

<u>Legal Standard</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Booth</u>, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." <u>Id.</u> at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. <u>See</u> <u>Booth</u>, 532 U.S. at 737; <u>see also</u> <u>Porter</u>, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

However, a prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. <u>Brown v. Valoff</u>, 422

F.3d 926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process.  Brown, 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative

remedies. Id. at 1119-20.

Although exhaustion is mandatory, an inmate must only exhaust administrative remedies "as are available." 42 U.S.C. § 1997e(a). Under the Ninth Circuit law, exhaustion is excused when improper screening of grievances occurs. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). Sapp establishes that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under [§ 1997e(a)]." Id. at 823. If prison officials screen out an inmate's grievances or appeals for improper reasons, the inmate cannot pursue the necessary administrative process, and, consequently, his administrative remedies become "unavailable." Id.

Plaintiff's Allegations

This action is proceeding on the amended complaint filed February 28, 2012, as to defendant Warden McDonald only. (Dkt. No. 10.) Plaintiff alleges that he arrived at High Desert State Prison ("HDSP") on December 12, 2007. (Id. at 6.) Plaintiff alleges that his cellmate cut him with a razor blade after discovering that plaintiff had been classified with an R suffix.[1] (Id.) Plaintiff alleges that when he requested assistance from building officers after this assault, his cellmate told the officers that plaintiff had cut himself. (Id.) Because plaintiff spoke limited English, he could not explain what happened and was placed on suicide watch. (Id.) Plaintiff was later re-housed with the same cellmate and the assaults continued for weeks until the cellmate was released. (Id.)

Plaintiff alleges that because he cannot read or write English, he did not know how to file a 602 grievance requesting removal of the R suffix. (Id. at 7.) Plaintiff alleges that his counselor and the classification committee denied his requests to remove the R suffix. (Id.)

---

[1] 15 Cal. Code Regs. § 3377.1(b) permits the California Department of Corrections and Rehabilitation to affix an "R" suffix "to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of sex offenses."

Plaintiff alleges that his family asked the Mexican Embassy to call defendant McDonald and request removal of the R suffix. (Id.) Plaintiff alleges that defendant McDonald later told plaintiff to stop asking the Mexican Embassy for assistance. (Id.)

Plaintiff also alleges that attorney Rios contacted defendant McDonald several times requesting removal of the R suffix. (Id. at 10.) A copy of a letter dated June 14, 2010, addressed to defendant McDonald from attorney Rios addressing this matter is attached to the amended complaint. (Id. at 15.) Also attached is a copy of a letter dated May 12, 2008, from attorney Rios to Warden Tom Felker addressing this matter. (Id. at 16.)

Plaintiff alleges that attorney Pacheco sent a letter to M. Barnes, the Chief of Inmate Appeals, requesting removal of the R suffix. (Id. at 11.) Attached to plaintiff's amended complaint is a copy of a letter dated June 21, 2011 from attorney Pacheco addressed to M. Barnes regarding this matter. (Id. at 12-13.) Plaintiff alleges that M. Barnes denied the request to remove the R suffix. (Id. at 11.)

Plaintiff alleges that over the years, he has been attacked and extorted by other inmates who discovered the R suffix on his classification score. (Id. at 8.)

Discussion

Plaintiff is required to have exhausted his administrative remedies before he filed the original complaint on December 19, 2011 (Dkt. No. 1). See Vaden v. Sumerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (prisoner must exhaust administrative remedies before bringing the action).

Defendant argues that plaintiff did not submit a grievance at any level regarding his claim that defendant McDonald violated his Eighth Amendment rights in 2007 by refusing to remove the R suffix from plaintiff's classification score. In support of his motion, defendant has provided the declaration of California Department of Corrections and Rehabilitation ("CDCR") Chief of the Office of Appeals Lozano. In his declaration, Chief Lozano states that the records of his office disclose that between 2007 and December 19, 2011, plaintiff submitted one appeal for

third level review which concerned the issue of double celling, appeal no. HDSP-08-00102. (Dkt. No. 17-2 at 2.) This appeal, apparently a group appeal, raised the issue of inmates on the Sensitive Needs Yard picking their own cell partners. (Id. at 9.) This appeal did not address the issue of removal of the R suffix from plaintiff's classification score.

      Chief Lozano states that the records of his office disclose that between 2007 and December 19, 2011, plaintiff submitted three appeals that were screened out for failing to meet procedural requirements. (Id. at 2-3.) These appeals included one concerning "case info/records," received on May 26, 2011, that was screened out because "not authorized to bypass any level." (Id. at 3.) Another appeal concerning "custody/classification," received on July 28, 2011, was screened out because "repeated filing of canceled appeal." (Id. at 3.) Finally, another appeal concerning "custody/classification," submitted on September 13, 2011, was screened out because "not authorized to bypass any level." (Id.)

      In support of the pending motion, defendant has also submitted the declaration of D. Clark, the HDSP Appeals Coordinator. D. Clark states that between 2007 and December 19, 2011, plaintiff submitted one grievance that was accepted for formal review at HDSP. (Dkt. 17-3 at 2.) This grievance raised an issue concerning mail. (Id.)

      In his opposition, plaintiff only states, "Please take notice that the plaintiff has exhaust[ed] his administrative remedies before filing this action. Inmate/Parolee Appeal form CDCR 602 Log No.1101676." (Dkt. No. 8.) Attached as an exhibit to plaintiff's amended complaint is a document titled "Inmate/Parolee Request for Interview" containing the notation "Appeal 602 #1101676." (Dkt. No. 10 at 28.) In this form, addressed to the appeals coordinator and signed by plaintiff on June 17, 2011, plaintiff requested assistance in exhausting his appeal at the second level of review so that he could file his appeal at the third level of review. (Id.) Plaintiff stated that his grievance concerned the "matter of wrong classification." (Id.) This form contains no response by prison officials. (Id.)

////

Also attached to the amended complaint is a 602 appeal form signed by plaintiff on June 12, 2011.  (Id. at 29.)  It is unclear whether this appeal is connected to appeal no. 1101676.  In any event, in this appeal, plaintiff requested removal of the R suffix.  (Id.)  Appeals Coordinator Clark cancelled and rejected this appeal because "time constraints" were not met.  (Id. at 30.)  The form, signed by Appeals Coordinator Clark, stated that "By submitting your appeal to the third level of review you have circumvented the appeals process resulting in time constraints not being met.  Your 'R' suffix was *** by committee on February 5, 2008 and your appeal was initially received on June 14, 2011."  (Id.)

The administrative appeal rejected by R. Clark as untimely did not exhaust plaintiff's administrative remedies because it was rejected as untimely.  Woodford, 548 U.S. at 83-84 (a procedurally defective grievance or appeal does not satisfy the exhaustion requirement.)  Defendant's evidence demonstrates that plaintiff's claim regarding the R suffix was not exhausted in any other grievance.  Accordingly, the undersigned finds that plaintiff has failed to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (Dkt. No. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: September 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7 esp3358.mtd