1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GABRIEL ESPINOZA,

11              Plaintiff,              No. 2:11-cv-03358-MCE KJN P

12        vs.                          <u>ORDER</u>

13    M.D. McDONALD, et al.,

14              Defendants.

15    _____/

16        On December 5, 2012, the Court granted Defendant's motion to dismiss this

17    action, and judgment was entered.  On December 17, 2012, Plaintiff filed a motion to amend the

18    judgment pursuant to Rules 59(e) and 35 of the Federal Rules of Civil Procedure.  Plaintiff asks

19    the Court to amend the judgment to allow him to be examined by an outside doctor, as provided

20    in Rule 35 of the Federal Rules of Civil Procedure.

21        Under Rule 59(e), a district court may, in its discretion, alter or amend a judgment

22    if "the district court committed clear error or made an initial decision that was manifestly

23    unjust." <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001).  Rule 59(e),

24    however, is an "extraordinary remedy, to be used sparingly in the interests of finality and

25    conservation of judicial resources."  <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890

26    (9th Cir. 2000).

1

Amendment or alteration is appropriate under Rule 59(e) if:  (1) the district court is presented with newly-discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. Zimmerman, 255 F.3d at 740.  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).  A judgment is not properly reopened "absent highly unusual circumstances."  Id.

Here, Defendants' motion to dismiss was granted based on Plaintiff's failure to first exhaust administrative remedies as required under the Prison Litigation Reform Act of 1995.  42 U.S.C. § 1997e(a).  Plaintiff fails to identify any alleged error made in granting the motion, or demonstrate that Plaintiff exhausted his administrative remedies prior to suit.  Rather, Plaintiff seeks amendment of the judgment to provide that Plaintiff be examined by an outside doctor.  As argued by Defendants (ECF 34 at 2), the dismissal of this case was not based on Plaintiff's medical condition or his ability to see a non-prison doctor.  (See ECF 24; 30.)  Rather, the dismissal was based on Plaintiff's failure to exhaust administrative remedies, a condition precedent to Plaintiff filing suit in federal court.  Thus, Plaintiff failed to demonstrate that the dismissal was erroneous or unjust, and Plaintiff's motion to amend the judgment is denied.

In addition, on January 4, 2013, Plaintiff filed a motion for certificate of appealability, in which he states he does not know if he needs to file for a certificate of appealability.  Plaintiff is advised that certificates of appealability are only required in habeas corpus proceedings or a proceeding under 28 U.S.C. § 2255.  28 U.S.C. § 2253.  Thus, Plaintiff does not need a certificate of appealability in this civil rights action, and his request is denied.

///

///

///

///

///

2

1           Accordingly, IT IS HEREBY ORDERED that:

2           1.  Plaintiff's December 17, 2012 motion to amend the judgment (ECF No. 32) is

3 DENIED;

4           2.  Plaintiff's January 4, 2013 motion for certificate of appealability (ECF No. 36)

5 is DENIED; and

6           3.  The Clerk of the Court is directed to process Plaintiff's December 28, 2012

7 appeal (ECF No. 33).

8 DATED:   February 14, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE